IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROLANDO BELTRAN, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 5:15-cv-1019-RP |
| UNION PACIFIC RAILROAD COMPANY, | | |
| Defendant. | | |

**ORDER**

Before the Court are non-party Clinical Reference Laboratory, Inc.'s ("CRL") Motion for Protective Order and/or Motion for Reconsideration, (Dkt. 27), and Defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Stay Court's Order. (Dkt. 28). By way of its Motion, CRL asks the court to enter a protective order relieving it from this Court's prior order requiring the retesting of Plaintiff's urine sample. (*See* Dkt. 27). Union Pacific requests in its Motion that the Court stay its order pending resolution of CRL's Motion. (*See* Dkt. 28).

CRL argues that federal law prohibits additional testing on Plaintiff's urine sample unless it receives consent from the Department of Transportation's Office of Drug and Alcohol Policy Compliance, which it has not received. (Dkt. 27 at 4–5). It cites 49 C.F.R. §§ 40.13(c) and § 40.331(f) to support its position. Section 40.13(c) states that a laboratory "must not perform any tests on DOT urine or breath specimens other than those specifically authorized by this part or DOT agency regulations." Section 40.85 sets out an exclusive list of drugs for which laboratories may test[1] and forbids testing for other drugs.

There is little available guidance to aid this Court's interpretation of section 40.13(c). The few cases addressing the issue concern DNA testing of specimens, which tests are expressly

---
[1] These include marijuana, cocaine, amphetamines, opiates, and phencyclidine. 49 C.F.R. § 40.85.

prohibited by DOT regulations. *See Swaters v. U.S. Dep't of Transp.*, 826 F.3d 507 (D.C. Cir. 2016); *Moreno v. ODACS, Inc.*, 21 N.E.3d 363 (Ohio Ct. App. 2014). They do not concern the situation here, involving a test which is otherwise authorized by DOT regulations. Moreover, neither CRL nor Union Pacific has directed the Court's attention to any official agency interpretation of the regulation. CRL tells the Court only that an unnamed individual at the Office of Drug and Alcohol Policy Compliance said that its consent is required for the retest.

On this apparent issue of first impression, the Court finds that the relevant regulations do not prevent the retesting of specimens pursuant to court orders, so long as the test is otherwise within the class authorized under DOT regulations. As section 40.85 authorizes methamphetamine tests, this Court's order does not run afoul of federal regulations. A contrary reading would remove nearly all force from the mandate of section 40.109, requiring laboratories to retain samples "for the purpose of preserving evidence for litigation." A sample could hardly provide evidence in litigation if it must sit undisturbed except at the pleasure of the Office of Drug and Alcohol Policy Compliance.

CRL's arguments concerning section 40.331(f) provide no basis for relief. First, it is not clear that the Court's prior order has required CRL to release the specimen to anyone. To the extent CRL asserts that the Court's order requires Quest Diagnostics to release the sample to CRL for retesting, the Court notes that 40.331(f) does not provide a basis to disregard the order. 49 C.F.R. 40.331(f) ("This part does not require you to disobey a court order, however.").[2] However, as the identity of the testing entity is not important, the Court modifies its prior order to allow the test to be performed by the laboratory currently in possession of the sample.

---

[2] The subsection's use of the term "part" instead of "subsection" is revealing. It is presumably referring to Part 40, which includes section 40.13(c)'s prohibition on performing other types of tests. It bolsters the Court's conclusion that section 40.13(c) does not prevent a court from ordering a retest.

Finally, CRL contends that Plaintiff's requested method of testing will not alter the prior test results. According to CRL, the test it performed is already sensitive to various isomers that discern illicit methamphetamine from legal medications. There is conflicting evidence on this issue. Even if CRL is correct, the worst possible outcome is that the new test will confirm the prior results and perhaps bolster Union Pacific's case. The test will then not be in vain, and CRL has not otherwise argued that the test is unduly burdensome or expensive.

For the above reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** CRL's Motion for Protective Order and/or Motion for Reconsideration, (Dkt. 27), and **DENIES** Union Pacific's Motion to Stay Court's Order. (Dkt. 28). The Court modifies its prior order to allow Union Pacific to arrange for retesting to be performed by any laboratory that has access to the specimen. If such testing is arranged, CRL will be relieved from its obligation under this Court's prior order. Union Pacific is **ORDERED** to proceed with all reasonable diligence in having the test carried out using the method requested by Plaintiff. All other relief not expressly granted is **DENIED**.

**SIGNED** on December 21, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE